**Thomas HIRSCHI, Travis Morales & Mara Youngdahl, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 68501, 68502 and 68503.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 26, 1984.

Rehearing Denied Jan. 30, 1985 in No. 68,501.

Rehearing Denied Feb. 6, 1985 in Nos. 68,502, 68,503.

---

William B. Allison, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Andy Tobias, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Appeals are taken from convictions for riot pursuant to the Texas Anti-Riot Law, V.T.C.A. Penal Code, § 42.02. Appellants Morales and Youngdahl were convicted of felony riot pursuant to § 42.02(a)(1) and (f).

Appellant Hirschi was convicted of misdemeanor riot pursuant to § 42.02(a)(1). The jury assessed punishment at five years and a $5,000 fine, probated, for Morales, five years and a $4,000 fine, probated, for Youngdahl, and a $1,000 fine for Hirschi.

These appellants, known collectively as "The Moody Park Three," were each charged with nine counts of felony riot stemming from a large scale riot which took place in Houston's Moody Park on May 7, 1978. During that riot, various felony offenses were committed by persons other than the appellants, including the burning of police cars and a newsman's vehicle, various assaults, and the burning of buildings near the park. In three separate nine-count indictments, each appellant was charged with two counts of felony riot by criminal mischief, three counts of felony riot by aggravated assault, and four counts of felony riot by arson. At trial, the prosecution abandoned all counts except the four which alleged arson as the underlying felony pursuant to § 42.02(f).

■■■■ A person commits an offense if he knowingly participates in a riot. § 42.-02(b). Riot is defined as the assemblage of seven or more persons resulting in conduct which creates an immediate danger of damage to property or injury to persons. § 42.02(a)(1).[1] An offense under § 42.02(a) is a Class B misdemeanor. § 42.02(e). Once a person has been found to be in violation of one of the substantive provisions of subsection (a), he becomes susceptible, under the terms of subsection (f), to the imposition of responsibility for the crimes of a greater degree which are committed by other participants in the riot. Subsection (f) provides:

"(f) An offense under this section is an offense of the same classification as any offense of a higher grade committed by anyone engaged in the riot if the offense was:

"(1) in the furtherance of the purpose of the assembly; or

"(2) an offense which should have been anticipated as a result of the assembly."

■ In *Faulk v. State*, 608 S.W.2d 625 (Tex.Cr.App.1980) (Opinion on Rehearing), this Court held that "knowing participation" in an assemblage under the statute includes the requirement that the defendant *know that the conduct of the assemblage is resulting in unlawful activity.*[2] Thus, the resulting conduct of the assemblage and participation by the defendant in that assemblage *knowing of its conduct* makes one subject to the criminal sanctions of § 42.02.

Appellants contend that the trial court erred in failing to charge the jury that they must find appellants participated in the assembly knowing that the assembly was resulting in conduct creating an immediate danger of damage to property or injury to persons. We agree.

The material portion of the court's charge provides:

"Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Travis Morales, acting alone or as a party as that term has been defined herein, did in Harris County, Texas, on or about the 7th day of May, 1978, *knowingly participate in an assembly* with more than six (6) persons *resulting in conduct* which created an immediate danger of damage to property, or injury to persons, to-wit: That a person unknown to the Grand Jury, that is, a person engaged in the riot, if any, committed the offense of arson, by starting a fire with the intent to damage or destroy a building owned by Gaston Ponce, without the effective consent of Gaston Ponce, and you further find that the action, if any, of the person unknown

---

1. Riot is also defined as the assemblage of seven or more persons resulting in conduct which substantially obstructs law enforcement or other governmental functions or services, § 42.-02(a)(2); or, by force, threat of force, or physical action deprives any person of a legal right or

disturbs any person in the enjoyment of a legal right, § 42.02(a)(3).

2. All emphasis herein is that of the author of this opinion unless otherwise indicated.

to the Grand Jury was an offense which should have been anticipated as a result of the assembly, as alleged in Paragraph Four (4) of the indictment ... then you will find the defendant, Travis Morales, guilty of felony riot as alleged in the indictment."[3]

■ The charge clearly required the jury to find knowing participation in the assembly by the appellants. The charge failed, however, to require the jury to find that the appellants participated in the assembly *knowing that it was resulting in conduct creating an immediate danger of damage to property or injury to persons.* As construed by this Court in *Faulk,* supra, the statute requires that the actor participate with those assembled *knowing* that the assemblage is resulting in unlawful conduct. The charge of the trial court in this case failed to require the jury to find this essential element of the offense of riot.

■ The State contends that the charge in this case is "substantially the same" as the charge in *Faulk,* supra, which was upheld against the same claim. We find, however, that the instant charge is substantially different from that submitted to the jury in *Faulk.* The court's charge in *Faulk* read:

"Now therefore, if you believe from the evidence beyond a reasonable doubt that in Jefferson County, Texas on or about January 17, 1975, the defendant, ROBERT WAYNE FAULK, did then and there knowingly participate in an assembly of more than seven persons, the names and identities of those not named in this indictment being unknown to the Grand Jurors, and that *while so assembled and acting together, created* an immediate danger of damage to property or injury to persons and did then and there

commit the substantive offense of Arson by burning the building of A.A. CROSS, there situated, such act of burning being in furtherance of the purpose of the assembly or that the offense of Arson should have been anticipated by the defendant, ROBERT WAYNE FAULK, as a result of the assembly, you should find the defendant, ROBERT WAYNE FAULK, Guilty of the offense of Riot by Arson as alleged in count 1 of this indictment."

We held in *Faulk* that:

"The charge clearly required the jury to find knowing participation in the assemblage by appellant. The charge *further provided* that the jury must find that appellant *acted with those so assembled in creating an immediate danger* of damage to property or injury to persons. *The jury having been required to find that appellant participated in the creation of the danger,* was sufficient to likewise require the jury to find that appellant knew of the resulting conduct of the assemblage."[4]

■ In the case at bar, the court's charge did not require the jury to find that appellants "acted with those so assembled in creating an immediate danger" nor did it require the jury to find that appellants "participated in the creation of the danger." The instant charge merely required a finding of knowing participation in an assemblage "resulting in conduct" which created an immediate danger of damage to property or injury to persons. We find that, unlike *Faulk,* the charge in this case failed to require the jury to find that appellants knew of the resulting conduct of the assemblage.[5]

---

3. The charge contains parallel language on each of the four counts of riot by arson, repeated several times for each of the three appellants.

4. While we held that the wording in the charge in *Faulk* was "sufficient" to alert the jury to the fact that the defendant, to be guilty, must have known of the resulting conduct of the assemblage, the better practice is to affirmatively state in the charge that the defendant knowingly par-

ticipated in the assembly *knowing that it was resulting in conduct creating an immediate danger of damage to property or injury to persons.*

5. We pause to note that the trial of this case occurred prior to our 1980 *Faulk* decision construing the riot statute, hence the trial judge did not have the benefit of that tool in preparing the court's charge.

The appellants lodged written objection to the trial court's definition of riot "because the instruction fail[ed] to state that the members of the assemblage must *know* that their conduct create[d] an immediate danger of damage to property or injury to persons." (emphasis original) The objection was overruled *sub silentio.* Such action constitutes error requiring reversal.

The judgment of the trial court is reversed and the cause is remanded to that court.